UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCUS BANES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:18-CV-412-TWP-DCP |
| v. ) | |
| ) | |
| MORGAN COUNTY CORRECTIONAL ) | |
| COMPLEX and JOHN BYRGE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. Upon initial screening of the pleading, the Court finds that Plaintiff's complaint failures to state a claim upon which relief may be granted. Accordingly, Plaintiff's motion for temporary restraining order will be **DENIED AS MOOT**, no process shall issue, and this case will be **DISMISSED**.

**I.   SCREENING STANDARD**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.     ALLEGATIONS OF THE COMPLAINT

In his complaint, Plaintiff alleges that four inmates attacked him in his cell at the Morgan County Correctional Complex [Doc. 1 p. 6]. After the attack, Plaintiff claims that Defendant Byrge "would not help [him] at all" so Plaintiff left his cell to find the Captain [*Id.*]. While Plaintiff was out looking for the Captain, he states that Defendant Byrge left his cell open and consequently property was stolen out of his cell [*Id.*]. Upon returning to his pod, Plaintiff was attacked a second time by inmates in the hallway [*Id.*]. After the second attack, Plaintiff was sent to medical and placed in segregation [*Id.*].

Plaintiff asserts that Defendant Byrge and the Morgan County Correctional Complex violated his constitutional rights [*Id.*]. Specifically, he states that the Morgan County Correctional Complex is punishing him by housing him in a high security housing unit that does not receive credit days to be taken off of his sentence [*Id.*]. He further states that Defendant Byrge failed to protect him from the second attack by inmates [*Id.*].

## III. ANALYSIS

### A. Failure to Protect

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). This right includes the right be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). To establish a violation of this right, a plaintiff must show that a defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). To demonstrate deliberate indifference, the plaintiff must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregarded that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294, *quoting Farmer*, 511 U.S. at 829, 847. Generally, an isolated or occasional attack is insufficient to state an Eighth Amendment claim. *See Stewart v. Love*, 696 F.2d 43, 44 (6th Cir. 1982).

In his complaint, Plaintiff asserts that four inmate gang members attacked him in his cell [Doc. 1 p. 6]. He then left his cell to look for a captain and upon his return he was attacked for a second time by inmates of that same gang [*Id*.]. Plaintiff argues that Defendant Byrge should have known Plaintiff was in imminent danger of a second attack and failed to protect him [*Id*.]. Plaintiff, however, fails to demonstrate how or why Defendant Byrge should have known of this second attack. His claim against Defendant Byrge for failing to protect him from a second attack is conclusory, and unsupported by facts. Accordingly, Plaintiff has not met the subject component necessary to establish an Eighth Amendment violation because he failed to allege that Defendant

Byrge possessed a sufficiently culpable state of mind prior to the attacks from inmate gang members. Thus, this claim fails to state a claim under § 1983.

B.   **Theft of Property**

Further, Plaintiff's allegation that inmates stole his property fails to state a claim against either Defendant because the prison's negligence in allowing the theft is not a "taking" for purposes of the Fourteenth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194 (1984); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy.[1] *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson*, 468 U.S. at 533 (extending *Parratt*'s holding to intentional deprivations of property). Thus, to state a § 1983 claim premised on a procedural due process violation, Plaintiff "was required to plead . . . that there is no adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018). Plaintiff did not make such an allegation. Moreover, the State of Tennessee provides an adequate post-deprivation remedy. *See* Tenn. Code Ann. § 9-8-301 *et seq*. As such, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

---

[1] Under Sixth Circuit precedent interpreting *Parratt*, a § 1983 plaintiff can prevail on a procedural due process claim "by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a 'random and unauthorized' act causing a loss for which available state remedies would not adequately compensate the plaintiff." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 907 (6th Cir. 2014). In this case, Plaintiff appears to challenge only a "random and unauthorized act," and makes no mention of state procedure.

### C. Housing Placement

Plaintiff claims that he is being punished for no reason because he has been placed in a high security housing unit [Doc. 1 p. 7]. Placement in this unit means that Plaintiff does not receive credit days off his sentence [*Id.*]. A prisoner, however, as no constitutional right to be held in a specific security classification. *Harris v. Truesdell*, 79 Fed. App'x 756, 759 (6th Cir. 2003), *citing Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Transfers and inner prison inmate housing are functions wholly within the discretion of the prison authorities. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Inmates have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Thus, Plaintiff has failed to state a claim upon which relief may be granted with regard to his placement in a high security housing unit.

### IV. CONCLUSION

Based on the foregoing, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Accordingly, Plaintiff's pending motion for temporary restraining order [Doc. 10] is **DENIED AS MOOT**.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

                          _s/ Thomas W. Phillips_____
                          Senior United States District Judge